**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:26-cr-16–WLS-ALS** |
| | : | |
| **ALLEN WELDON** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Previously, the Court provided the Parties with notice that this case was specially set for a pretrial conference on Tuesday, July 21, 2026, at 3:00 p.m. and for trial beginning Monday, August 17, 2026 (Doc. 18). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*). The Defendant filed a timely Unopposed Motion to Continue Trial Date and Associated Deadlines (Doc. 19) ("Motion") requesting a continuance of at least sixty days. Defendant's counsel represents that he conferred with Government's counsel, who does not oppose the Motion. Defendant's Counsel further states that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial.

Based on the Defendant's reasons as stated in his Motion, the Court finds that a continuance is required for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 19) is **GRANTED**. The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division November 2026 Trial Term and its conclusion, or as may otherwise be ordered by the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in

1

a miscarriage of justice, and (b) would deny Defendant's Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The July 21, 2026 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 7th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2